# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK C. FLIERL,<br><br>    Plaintiff,<br><br>v.<br><br>ALEAH C. ZAPF, et al.,<br><br>    Defendants.<br>/ | Case No. 1:18-cv-00734-DAD-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS BE DENIED**<br><br>**(Docs. 2 & 4)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I.    INTRODUCTION

Plaintiff Mark Flierl ("Plaintiff") is proceeding pro se in this civil matter. Plaintiff initiated this action on May 29, 2018. (Doc. 1.) On the same day, Plaintiff filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. (Doc. 2.) Based on deficiencies in his initial IFP application, the Court ordered Plaintiff to complete and file an amended application. (Doc. 3.)

On June 12, 2018, Plaintiff filed a long-form application to proceed without prepaying fees or costs. (Doc. 4.) For the reasons set forth below, it is recommended that Plaintiff's application be denied.

## II.    DISCUSSION

**A.    Legal Standard**

An indigent party may be granted permission to proceed "in forma pauperis" upon submitting an affidavit showing his or her inability to pay the required fees. 28 USC § 1915(a). The determination of whether a plaintiff is indigent and therefore unable to pay the filing fee falls within the court's sound discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (reversed on other grounds).

"The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (citing *Potnick v. Eastern State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam). *See also Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple*, 586 F. Supp. at 850 (citing *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972)). "If an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required, in the First Circuit's phrase, to 'put his money where his mouth is.'" *Williams v. Latins*, 877 F.2d 65 (9th Cir. 1989) (citing *Temple*, 586 F. Supp. at 851 (quoting *In re Stump*, 449 F.2d 1297, 1298 (1st Cir. 1971) (per curiam)). Many courts have held that petitioners with modest cash reserves are not paupers within the intendment of 28 U.S.C. § 1915(a) for the purpose of filing fees, initial service of process costs and the like. *Temple*, 586 F. Supp. at 850–51.

**B.     Plaintiff is Not a Pauper Under 28 U.S.C. § 1915(a)**

According to his long-form application, Plaintiff is "living on savings" totaling "$90,000.00." (*Id*. at 2, 5.) Plaintiff also has $167,000.00 in a two IRA accounts. (*Id*. at 2.) Plaintiff does not own a home, but he does not have a rent or home-mortgage payment. Plaintiff also spends $500.00 a month on food, $200.00 a month on recreational activities, and $200.00 a month on cigarettes. (*Id*. at 4).

Based on these representations, the Court finds that Plaintiff has not made the showing required by section 1915(a) that he is unable to pay the required fees for this action. Accordingly, the Court HEREBY RECOMMENDS that:

1.     Plaintiff's application to proceed without prepayment of fees and costs (Docs. 2 & 4) be DENIED; and

2.     Plaintiff be required to pay the $400.00 filing fee in full to proceed with this action. These findings and recommendations are submitted to the United States District Judge assigned to

the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 14, 2018**        /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE